# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROGER W. ALSWAGER,

        Plaintiff,

v.                                                                 Case No. 09-CV-52

ROCKY MOUNTAIN INSTRUMENTAL
LABORATORIES INC. and ROBERT K. LANTZ,
individually and as agent of RML,

        Defendants.

# ORDER

The plaintiff, Roger W. Alswager, a state prisoner, is proceeding *pro se* in this case against defendants Robert K. Lantz and Rocky Mountain Instrumental Laboratories Inc. ("Rocky Mountain"). Now before the court are numerous motions filed by both sides to this litigation. The motion practice in this case has spiraled out of control, and both sides bear responsibility due to frequent, often unnecessary, motions, together with excessive argument and submissions, much of which is not germane to the issue at hand.

## I. Service Costs

Alswager filed two motions for costs of service of summons (Docket #13 and Docket #14). In their responses to the motions, the defendants showed that they have fully compensated Alswager for his costs of service of process in this matter. The defendants provided documentation that they have paid Alswager a total of

$110.00 for costs that Alswager incurred to serve the defendants in this case. Consequently, the court will deny the motions as moot .

## II. Defendants' Motion for Leave to File Amended Answer

On July 7, 2009, the defendants filed an expedited motion for leave to file Amended Answer to Amended Complaint (Docket #47), based on information acquired during discovery. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the motion will be granted, and the Clerk of Court will be directed to docket Exhibit A to the motion as Amended Answer to Plaintiff's Amended Complaint.

## III. Motions for Extensions

The parties have filed six motions for extensions of time (Docket #'s 50, 67, 86, 93, 103, and 111), all of which were followed shortly by the document for which the party asked for the extension of time to file. Each of the motions for extensions of time will be granted.

## IV. Plaintiff's Motions for Stays

On July 20, 2009, the court docketed the plaintiff's motion for stay to retain counsel (Docket #53). The plaintiff did not need a stay of this case to obtain an attorney. He could have hired counsel at any time and yet has not done so. This motion will be denied.

The plaintiff filed another motion for a stay on September 3, 2009 (Docket #79), due to his transfer to another institution. The case did not need to be formally stayed to provide the requested relief. The court granted his motion for extension of time to file responses to the motions the defendants filed shortly after his transfer. As such, this motion will be denied.

**V.     Defendants' Motions to Strike**

On September 17, 2009, the defendants asked the court to strike plaintiff's reply brief and portions of the affidavit of Roger W. Alswager in support of plaintiff's reply to defendants' to plaintiff's motion for stay to retain counsel (Docket #84).

Then, on November 2, 2009, the defendants asked the court to strike the plaintiff's response to defendants' notice of motion and motion to enlarge time to file supplementary materials in support of motion for summary judgment and plaintiff's supplemental brief in support of plaintiff's motion to strike (Docket #92).

These motions were entirely unnecessary and will be denied. The defendants rely on no Federal Rule of Civil Procedure or case law regarding motions to strike in either of their motions. Instead, they spend a significant amount of time arguing the merits of the information in the plaintiff's submissions.

The only allowance for motions to strike is found in Federal Rule of Civil Procedure 12(f). However, such motions are not appropriate for briefs and affidavits. Rule 12(f) provides "that the court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The plain language of Rule 12(f) states that the Rule applies to

-3-

"pleadings." Briefs and affidavits in support of motions are not pleadings under the Rules. *See* Fed. R. Civ. P. 7(a) (Defining pleadings as either a complaint, answer, reply to a counterclaim, an answer to a cross-claim, a third-party complaint, or third-party answer). Even properly brought regarding a pleading, motions to strike are generally disfavored because they are seen as tools to delay litigation. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

With regard to a brief or affidavit, the defendants simply could have asked the court to disregard those portions that were objectionable. In any event, the court is capable of reviewing the information submitted by the parties and considering only that which is admissible and relevant.

## VI. Discovery Issues

The court will now address several motions that relate to discovery. First, the defendants filed a motion to quash the depositions of Dr. Robert K. Lantz and Patricia Sulik, an employee of Rocky Mountain. The motion is made pursuant to Federal Rules of Civil Procedure 26(c)(1) and Civil Local Rules 7.1 and 37.1. (Docket #27). The defendants argue that Lantz lives in Colorado and cannot be compelled to come to Wisconsin for a deposition. They also maintain that, if Lantz was to be deposed it Wisconsin, it should occur after the plaintiff's deposition and the plaintiff should bear the cost of Lantz's travel. With regard to Patricia Sulik, the defendants submit that her deposition was not properly noticed because she is neither a defendant nor an owner of the defendant company. Because it appears

that the depositions of these individuals never occurred, the defendants' motion to quash will be denied as moot.

Next, the plaintiff filed a "comprehensive motion for a discovery order" (Docket #34). He requests an order granting the following relief: (1) quashing the notice of deposition for Lisa Goldman; (2) quashing the notice of deposition for the plaintiff; (3) directing the deposition of Dr. Lantz to take place at the institution where he was incarcerated at the time; (4) setting the priority of taking depositions and dates, if necessary, to ensure the parties are able to complete their discovery in an efficient manner; (5) instructing the defendants to comply with the Federal Rules of Civil Procedure; (6) quashing the defendants' first set of interrogatories and requests for production of documents; and (7) allowing the plaintiff to subpoena records from Dr. Lantz's e-mail service provider. This motion is really a motion to compel under Federal Rule of Civil Procedure 37, but it does not comply with the requirements of Rule 37 and Civil L.R. 37.1.[1] There is no certification that the plaintiff "has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Nor is there a written statement that the parties were unable to reach an accord after personal consultation and sincere attempts to resolve their differences. Civil L.R. 37.1 (E.D. Wis. 2003) This motion will be denied.

---

[1] The Local Rules for the United States District Court for the Eastern District of Wisconsin were amended, effective January 26, 2010, and Civil L.R. 37.1 . This motion was filed before the amendment and will be governed by the rules in effect at the time it was filed. In any event, the rule number has been changed from Civil L.R. 37.1 to Civil L.R. 37 and the language has changed slightly, but the rule itself contains the same requirement.

The defendants also filed a motion to compel (Docket #41) asking the court to determine that the plaintiff has waived his attorney-client privilege relative to Attorney Lisa Goldman's representation of the plaintiff in the criminal case that gave rise to this lawsuit. According to the defendants, the plaintiff is attempting to prove his claims in this case by disclosing or describing attorney-client communications and, as a result, has waived any right to assert that privilege. Consequently, the defendants argue that the plaintiff should not be allowed to withhold discovery responses, oppose Goldman's deposition, or refuse to testify himself based on that attorney-client privilege.

Attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation. *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) (citing *Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851 (3rd Cir. 1994)).

The defendants argue that the plaintiff attempted to disclose and/or describe attorney-client communications because his complaint references communications between Goldman, the plaintiff's criminal attorney, and the defendants. The defendants also contend that the plaintiff waived attorney-client privilege by seeking the production of documents regarding "the relationship between Goldman or Lawton & Cates, and Defendants; telephone calls, communications regarding fees charged, authorization to perform tests, discussions of the timing to perform tests, communications with Plaintiff's previous attorneys; instructions from Goldman to Defendants regarding blood testing." (Brief in Support of Defendants' Motion to

-6-

Compel, p. 10). Rather than support their argument, the defendants' brief undermines their position. This description of information sought by the plaintiff does not encompass legal advice that Goldman provided to the plaintiff. What the plaintiff has referenced and requested appears to be factual information as opposed to any advice Goldman gave to the plaintiff. Consequently, the court is unable to waive the entirety of the plaintiff's attorney-client privilege vis a vis Goldman, as the defendants have requested. The defendants' motion to compel will be denied.

Moreover, the defendants have not been precluded from discovering information regarding the plaintiff's claims. Most, if not all, of the information the defendants seek is as available to the defendants as to the plaintiff (through Goldman). The defendants have the e-mail communication between Goldman and the defendants, as well as fax information and draft affidavits. The defendants can and have obtained the information without intruding on the attorney-client privilege. In fact, they were able to present a motion for summary judgment based on the information they have, without any of the information for which the plaintiff claims attorney-client privilege.

Moreover, a review of the defendants' requests at issue demonstrates that they have asked for information protected by the attorney-client privilege, as well as information beyond that which is relevant to this case. For example, regarding Defendants' Interrogatory No. 4, exactly what a criminal defense attorney told her client regarding the retention of an expert is not relevant to whether a contract was formed and whether the defendants fulfilled their obligations to the plaintiff. Nor is

-7-

it relevant to the representations made by the defendants. Also, in Requests for Admission Nos. 2 and 3, the defendants seek information that falls squarely within the attorney-client privilege between the plaintiff and Goldman. With regard to Defendants' Interrogatory No. 5, again the plaintiff's communications with Goldman regarding the defendants are not relevant to the legal relationship that existed between the plaintiff, by counsel, and the defendants, which is what is at issue in this case. The limited information at issue in this case, regarding the retention of the defendants to test samples and possibly provide an expert witness in the plaintiff's criminal trial, does not justify a broad waiver of the attorney-client privilege.

Finally, the plaintiff has filed a motion for a continuance to conduct discovery under Federal Rule of Civil Procedure 56(f)(2) (Docket #97). Rule 56(f) provides:

> **When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)   deny the motion;
> (2)   order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3)   issue any other just order.

"A Rule 56(f) motion must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) (citations omitted).

The plaintiff argues that he was unable to conduct any depositions in this case and did not receive responses to many of his requests for affidavits from non-parties.

It is not always possible for parties, including attorneys, to obtain all of the evidence they want to in the time provided by the court, especially evidence that may come from a non-party. In this case, the plaintiff has had a significant amount of extra time to develop evidence; he has been in possession of the defendants' motion for summary judgment since August 10, 2009. Yet the plaintiff did not file this motion until November 19, 2009, over three months later, and over four months after the close of discovery. Yet, the plaintiff has provided no explanation for this delay.

In his affidavit, the plaintiff describes in great detail how the parties conducted discovery in this case. Ultimately, the parties were not able to schedule the deposition of defendant Lantz. The plaintiff also wants to subpoena and depose each individual on the defendants' witness list, even though he does not know what their testimony will be. Further, the plaintiff wants to depose the Assistant District Attorney who prosecuted his criminal case, obtain information from the Colorado court regarding Dr. Lantz's conflict for the date of the plaintiff's criminal trial, ask Dr. Sulik (a non-party) why the test date is listed as February 19, 2008, if it was actually performed on February 18, 2008. Finally, the plaintiff complains about late receipt of the Affidavit of Attorney Thomas Silverman, who had hired Dr. Lantz to appear in court in Colorado on the date of the plaintiff's criminal trial. It appears from the plaintiff's affidavit that he is hoping that his powers of cross-examination at a deposition would result in a smoking gun to undermine the defendants' motion for summary judgment. He has not identified specific information that he will be able to elicit in discovery to oppose the defendants' motion.

-9-

Case 2:09-cv-00052-JPS   Filed 03/19/10   Page 9 of 16   Document 118

In discussing the evidence he does not have to respond to the defendants' motion for summary judgment, the plaintiff also describes the evidence in his possession and the reasons why he thinks there may be material questions of fact. In fact, he submitted one hundred eighty-five pages of exhibits with his affidavit in support of this motion. Accordingly, the court finds the plaintiff to be in a position to respond to the defendants' motion for summary judgment without additional discovery.

The plaintiff cites *Deere*, in which the court concluded "that the district court abused its discretion ... by entering summary judgment without having decided the pending discovery motions and without a response from Deere." *Id.* at 708. Unlike the district court in *Deere*, this court is now ruling on the discovery motions and then providing additional time for briefing that includes an opportunity for the plaintiff to respond to the defendants' motion for summary judgment.

The court will not reopen discovery in this case. Thus, the plaintiff's motion will be denied. However, as detailed below, the plaintiff will have additional time to prepare his response to the defendants' motion for summary judgment. While the plaintiff may not take any depositions, he may use this time to obtain affidavits in support of his response to the defendants' motion for summary judgment. In fact, perhaps he has used the over three months since he filed this motion to do so.

### VII. Defendants' Motion for Summary Judgment

Next, the court will address the defendants' motion for summary judgment and other related motions. As noted in the plaintiff's motion to strike (Docket #77), the

defendants failed to comply with Civil Local Rule 56.1 when they filed their motion for summary judgment.[2] In *pro se* litigation, when the opposing party files a motion for summary judgment, that motion must include a short and plain statement that any factual assertion in the movant's affidavits and documentary evidence will be accepted as true unless the *pro se* litigant submits his own affidavits or other documentary evidence contradicting the factual assertions. Civil L.R. 56.1(a)(1) (E.D. Wis. 2008). Additionally, the texts to Fed. R. Civ. P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2 and Civil L.R. 7.1 must be part of the motion. Civil L.R. 56.1(a)(2) (E.D. Wis. 2008). Here, the defendants failed to provide both the short plain statement and the text of the applicable rules with their motion for summary judgment, as required by Civil L.R. 56.1 and *Lewis v. Faulkner*, 689 F.2d 100, 101-02 (7th Cir.1982). Consequently, the defendants' motion for summary judgment (Docket #68) will be denied without prejudice.

The plaintiff's motion to strike did serve to alert the defendants that they had failed to comply with the Civil Local Rules with regard to notice for their motion for summary judgment. In response, the defendants filed a motion to enlarge time to file supplementary materials in support of their motion for summary judgment. Rather than file a new notice of motion and motion for summary judgment, the defendants simply attached a "Supplement" to their motion to enlarge time

---

[2] As discussed above, Federal Rule of Civil Procedure 12(f), which provides for a motion to strike, is related only to pleadings. The definition of "pleadings" in Rule 7(a) does not include motions or their supporting documents. The plaintiff's motion to strike will be denied.

-11-

containing the notice required by Civil L.R. 56(a)(1).[3] Nevertheless, this motion (Docket #80) will be granted in part because the court will give the defendants an opportunity to file a new notice of motion and motion for summary judgment. Such motion must be filed on or before **Wednesday, April 7, 2010**. They may incorporate by reference their brief and affidavits that have already been filed.

The plaintiff shall respond to any motion for summary judgment on or before **Friday, May 7, 2010**. The defendants' reply, if any, shall be filed on or before **Friday, May 21, 2010**.

At this point, the court must address the fact that the defendants are without counsel. On November 24, 2009, the defendants' local counsel in Wisconsin filed a notice of withdrawal. Subsequently, on December 8, 2009, the defendants' primary counsel filed an expedited motion to withdraw as attorney for defendants. The court granted that motion on December 28, 2009. Consequently, the defendants have been without counsel for over two months. While defendant Robert Lantz could arguably represent himself, defendant Rocky Mountain Instrumental Laboratories, Inc. may not.

A corporation has a legal existence entirely separate from the existence of its shareholders and owners. Without exception, a corporation appearing in federal court must be represented by a licensed attorney. *Rowland v. California Men's*

---

[3]All proceedings in this case after that date must comply with the Civil Local Rules, as amended January 26, 2010. The changes applicable to this case relate almost exclusively to numbering; the substance of the rules regarding motions for summary judgment in *pro se* litigation has not changed.

-12-

*Colony*, 506 U.S. 194, 201-02 (1993); *Mendenhall v. Goldsmith*, 59 F.3d 685, 687 n.1 (7th Cir. 1995).

Thus, at the very least, defendant Rocky Mountain must obtain counsel to file the notice of motion and motion for summary judgment on its behalf. If either of the defendants do not file a new motion for summary judgment in accordance with this decision and order, the plaintiff may move for, and likely will be granted, default judgment.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for costs of service of summons (Docket #13) be and the same is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for costs of service of summons (Docket #14) be and the same is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the defendants' motion for leave to file amended answer to amended complaint (Docket #47) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket Exhibit A to the defendants' motion for leave to file (Docket #47) as Amended Answer to Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to file responses to the defendants' Rule 7.4 expedited motion (Docket #50) be and the same is hereby **GRANTED**.

-13-

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to file reply to motion to stay (Docket #67) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #86) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time to file reply to plaintiff's response to defendants' notice of motion (Docket #93) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time to file a response to plaintiff's Fed. R. Civ. P. 56(f) motion to grant a continuance to conduct discovery (Docket #103) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to file reply to defendants' response to plaintiff's Rule 56 motion (Docket #111) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for stay to retain counsel (Docket #53) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for stay (Docket #79) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to strike plaintiff's reply brief and portions of affidavit of Roger W. Alswager in support of plaintiff's reply to defendants' response to plaintiff's motion for stay to retain counsel (Docket #84) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' expedited motion to strike plaintiff's response to defendants' notice of motion and motion to enlarge time to file supplementary materials in support of motion for summary judgment and plaintiff's supplemental brief in support of plaintiff's motion to strike (Docket #92) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to quash depositions of Dr. Lantz and Patricia Sulik (Docket #27) be and the same is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a comprehensive discovery order (Docket #34) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to compel (Docket #41) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a continuance to conduct discovery (Docket #97) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike defendants' motion for summary judgment (Docket #77) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #68) be and the same is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motion to enlarge time to file supplementary materials in support of motion for summary judgment (Docket #80) be and the same is hereby **GRANTED in part**.

**IT IS FURTHER ORDERED** that the defendants shall file a new notice of motion and motion for summary judgment that complies with Civil Local Rule 56.1 (E.D. Wis.) on or before **Wednesday, April 7, 2010**.

**IT IS FURTHER ORDERED** that the plaintiff shall respond to any motion for summary judgment on or before **Friday, May 7, 2010**; the defendants' reply, if any, shall be filed on or before **Friday, May 21, 2010**.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge