# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROGER W. ALSWAGER,

          Plaintiff,

    v.                                            Case No. 09-CV-52

ROCKY MOUNTAIN INSTRUMENTAL LABORATORIES INC.
and ROBERT K. LANTZ, individually and as agent of RML,

          Defendants.

# ORDER

This matter is before the court on the plaintiff's motion for reconsideration and/or extension of time or, in the alternative, an order staying proceedings in this litigation.

Ultimately, the plaintiff wants additional time to respond to the defendants' motion for summary judgment, which was filed on May 7, 2010. In addition to explicitly asking for the additional time, the plaintiff makes several other arguments that would result in extra time for him to respond to the defendants' motion. First, the plaintiff asks the court to reconsider its April 13, 2010 order granting the defendants' expedited motion for extension of time and providing a briefing schedule for the defendants' motion for summary judgment. Second, the plaintiff asks the court to reconsider its decisions to not reopen discovery and to not grant any further

extensions.[1] Finally, the plaintiff asks the court to stay these proceedings so that he can file and litigate claims that he has been deprived of meaningful access to the courts by virtue of policies or actions of the Wisconsin Department of Corrections and/or the institution where his is housed, as well as by the decisions of this court. This final request is no more than a thinly veiled threat from the plaintiff in an attempt to secure additional time to respond to the defendants' motion for summary judgment.[2]

Pursuant to Federal Rule of Civil Procedure 54(b), "[a] court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). That is not the case here.

The plaintiff was served with the defendants' original motion for summary judgment on August 10, 2009. Although the motion was technically deficient, the plaintiff has had the benefit of most of the defendants' arguments for over nine months. A review of the briefs in support of the defendants' two motions for summary judgment reveals that the defendants have added one new legal argument; otherwise, the arguments regarding the plaintiff's claims are generally the same.

---

[1] The plaintiff does not identify the order or orders in which these decisions are contained. This argument encompasses portions of the court's orders dated March 19, 2010, April 13, 2010, and possibly May 4, 2010.

[2] If the plaintiff believes he has valid access to the courts claims, he may bring them in a separate action. However, a separate case regarding access to the court would not result in a stay of this action.

On April 13, 2010, the court did allow the defendants' newly retained counsel a brief extension to file a new motion for summary judgment. However, this extension also gave the plaintiff additional time to formulate his response to the substance of the defendants' arguments, since most of them have not changed since the August 2009 motion.

As the court noted in the March 19, 2010 order, the plaintiff has already described in pleadings to this court both the evidence in his possession and the reasons why he thinks there may be material questions of fact. The court concluded that the plaintiff was in a position to respond to the defendants' motion for summary judgment without additional discovery and decided not to reopen discovery. The court noted that the deadlines set forth in that order contemplated time for the plaintiff to prepare his response to the defendants' motion for summary judgment and to obtain affidavits in support of his response. The plaintiff originally was given until May 7, 2010, seven weeks from the date of the order, to file his response. The subsequent extension given to the defendants to file their new motion for summary judgment gave the plaintiff an additional month.

Neither the deadlines set forth in this court's previous orders, nor the court's conclusions that no further extensions would be granted, were "'clearly erroneous'" or "'would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona*, 460 U.S. at 618 n.8).

The deadlines set forth in the court's last two orders remain valid. The plaintiff shall respond to the defendants' motion for summary judgment on or before **Monday, June 7, 2010**, and the defendants' reply, if any, shall be filed on or before **Monday, June 21, 2010**. Additionally, the plaintiff may file a motion for summary judgment on or before **June 1, 2010**, and the remainder of the briefing on any such motion shall be filed in accordance with Civil Local Rule 56 (E.D. Wis.).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration and/or extension of time or, in the alternative, an order staying proceedings in this litigation (Docket #136) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-