# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROGER W. ALSWAGER,

    Plaintiff,

v.                                                                                              Case No. 09-CV-52

ROCKY MOUNTAIN INSTRUMENTAL
LABORATORIES INC. and ROBERT K. LANTZ,
individually and as agent of RML,

    Defendants.

## ORDER

This matter is before the court on: (1) the defendants' emergency motion for a protective order or, in the alternative, renewed Civil Local Rule 7(h) (E.D. Wis.) expedited non-dispositive motion for a protective order; and (2) the plaintiff's expedited non-dispositive motion for an order directing defendants to advise plaintiff whether they will honor the properly noticed deposition of Dr. Robert K. Lantz. Also pending before the court is the defendants' motion for leave to file a motion for summary judgment.

On May 21, 2011, the plaintiff served the defendants with a Notice of Deposition of Dr. Robert K. Lantz to be taken on June 28, 2011, in Fort Collins, Colorado. The deposition was noticed under Federal Rule of Civil Procedure 30 and also contains requests under Rule 34 for Dr. Lantz to produce documents at the deposition. Also on May 21, 2011, the plaintiff served his Fourth Set of Interrogatories on the defendants.

The defendants filed an expedited non-dispositive motion for a protective order, which was denied on June 20, 2011, because it did not include the required certification regarding good faith consultation with the plaintiff to resolve the issue before bringing the motion. The court also wrote:

> The court does note that discovery closed in this case on July 10, 2009. Additionally, in an order dated March 19, 2010, the court explicitly declined to reopen discovery. During a telephonic scheduling conference in this case on April 14, 2011, the court scheduled a trial to begin on September 12, 2011. No further written discovery was contemplated or authorized, and the court left the matter of depositions in place of trial testimony in the hands of the parties.

Order dated June 20, 2011, p. 2.

The defendants again seek a protective order quashing the Notice of Deposition of Robert K. Lantz and Plaintiff's Fourth Set of Interrogatories. They now include a certification that counsel consulted with the plaintiff in a good faith effort to resolve the parties' differences regarding deposition and the scope of the plaintiff's discovery requests. However, the parties were unable to reach an accord. The plaintiff has filed an expedited non-dispositive motion for an order directing defendants to advise plaintiff whether they will honor the properly noticed deposition of Dr. Robert K. Lantz.

The plaintiff premised the notice of deposition, including its requests for the production of documents, as well as the fourth set of interrogatories, on discovery rules. Yet discovery in this case has been closed for almost two years. Thus, the court will not compel any attempts at discovery by either party. The plaintiff's notice of deposition, document requests and interrogatories are untimely and unauthorized

and, as such, are invalid. Nevertheless, the court issues this protective order clarifying that discovery is closed in this case and the defendants are under no obligation to respond to any discovery requests or comply with any notices of deposition to which they have not agreed. *See* Fed. R. Civ. P. 26(c).

Additionally, the court allowed for the possibility of depositions in place of trial testimony, not discovery depositions, if the parties agreed to them. It appears that the plaintiff seeks to conduct discovery in his deposition rather than preserve testimony for trial. Moreover, it is evident that all parties have not agreed to the depositions.

Accordingly,

**IT IS ORDERED** that the defendants' emergency motion for protective order or, in the alternative, renewed Civil L.R. 7(h) expedited non-dispositive motion for a protective order (Docket #166) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Civil L.R. 7(h) expedited non-dispositive motion for an order directing defendants to advise plaintiff whether they will honor the properly noticed deposition of Dr. Robert K. Lantz (Docket #167) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge