UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROGER W. ALSWAGER, <br><br> Plaintiff, <br><br> v. <br><br> ROCKY MOUNTAIN INSTRUMENTAL LABORATORIES, INC. and DR. ROBERT K. LANTZ <br><br> Defendants. | Case No. 09-CV-52-JPS <br><br><br> ORDER |

This case is scheduled for a jury trial to commence on Monday, September 12, 2011. However, on September 7, 2011, the defendants filed a motion to dismiss for mootness pursuant to Federal Rule of Civil Procedure 12(b)(1), noting that they tendered a check to the plaintiff in an amount representing all of the damages he may recover. On September 9, 2011, the court held a hearing on the defendants' motion to dismiss, affording the plaintiff, Roger Alswager ("Mr. Alswager"), an opportunity to respond. With the benefit of Mr. Alswager's response in open court, the court is now prepared to rule on the motion.

As a consequence of the court's written decision on summary judgment entered on March 24, 2011 (Docket #150), plaintiff's only remaining claim is for breach of contract. In that regard Mr. Alswager has sought an array of damages, most notably the attorney's fees and expenses he incurred in challenging his February 20, 2008 conviction for operating a motor vehicle while under the influence of an intoxicant, fifth or greater offense, in violation of Wis. Stat. § 346.63(1)(a). Mr. Alswager contends that he suffered damages when defendants breached their contract with him by failing to provide timely blood test results and to provide expert testimony at his

criminal trial in support of an "involuntary intoxication" defense based on his ingestion of Ambien.

However, as the court ruled during the September 2, 2011 Final Pretrial Conference (Conf. Tr. at 10-11) (Docket #212), and as the court will reiterate in this order, if a jury were to conclude that a breach of contract occurred, Mr. Alswager would only be entitled to damages representing the amounts specified in the agreements between the parties, in this case, the $1,040.00 that plaintiff paid to defendants for the blood testing the defendants performed.

Damages for a breach of contract should compensate the wronged party for damages that arise naturally from the breach. *Kramer v. Bd. of Educ. of the Sch. Dist. of the Menomonie Area*, 2001 WI App 244, ¶ 10, 248 Wis.2d 333, 635 N.W.2d 857 (Wis. Ct. App. 2002). These damages are limited by the concept of foreseeability. *Id.* The $1,040.00 that plaintiff paid for the blood testing represents such compensatory damages. However, in addition to compensatory damages, a party may also seek consequential damages for breach of contract. *Id.* at ¶ 11. Wisconsin JI-Civil 3710 specifically allows for recovery of consequential damages:

> The law provides that a person who has been damaged by a breach of contract shall be fairly and reasonably compensated for his or her loss. In determining the damages, if any, you will allow an amount that will reasonably compensate the injured person for all losses that are the natural and probable results of the breach.

*Id.* Moreover, under Wisconsin law, "an award of fees may be made by way of damages to a party who, because of the tortious conduct or breach of contract by another, has had to protect his or her interest by bringing or defending an action against or by a third party." *Silverton Enterprises, Inc. v. General Cas. Co. of Wisconsin*, 143 Wis.2d 661, 674, 422 N.W.2d 154, 159 (Wis. Ct. App. 1988) (citing *Kohlenberg v. American Plumbing Supply Co.*, 82 Wis.2d 384, 399, 263 N.W.2d 496, 503 (1978)).

Mr. Alswager argues that he is entitled – by way of the law on consequential damages and the third-party litigation exception to the American Rule for attorney's fees – to present evidence to the jury regarding the attorney's fees and expenses he incurred in challenging his February 20, 2008 conviction for operating a motor vehicle while under the influence of an intoxicant, fifth or greater offense, in violation of Wis. Stat. § 346.63(1)(a). (Pl.'s Offer of Proof) (Docket #203). Specifically, Mr. Alswager argues that such expenses and fees are the natural and probable results of the defendants' breach of contract and that such damages were reasonably foreseeable to the defendants. (*Id.*).

However, even assuming a contract existed between the parties, Mr. Alswager still would not be permitted to collect damages outside of the contract price if a breach did indeed occur. As the court noted during the Final Pretrial Conference, the Wisconsin Court of Appeals has already ruled that the expert testimony and Ambien test results that Alswager argues would have supported his involuntary intoxication defense, and potentially exonerated him, were immaterial and irrelevant to the issues of the case. *State v. Alswager*, No. 2008AP3046, at 12 (April 20, 2011). The appellate court reasoned that Dr. Lantz's proposed testimony did not provide a basis for concluding that Alswager, in fact, experienced extreme side effects from ingesting an Ambien pill, consumed alcohol and drove without knowing the difference between right and wrong. *Id.* This ruling makes clear that Mr. Alswager's conviction was not the result of Dr. Lantz's failure to testify or the plaintiff's inability to introduce evidence regarding the Ambien test results. Accordingly, even assuming the defendants breached their contract with Mr. Alswager, the breach did not interfere with his rights stemming from the criminal trial; in other words, it was not necessary for Mr. Alswager to pursue the litigation subsequent to his conviction to protect his interests or rights. Thus, he is not entitled to attorney's fees under the third-party litigation exception to the American Rule. Nor is he entitled to consequential

damages. The Wisconsin Court of Appeals' ruling leaves no room for reasonable minds to differ on the question of whether the expenses incurred by Mr. Alswager in challenging his conviction were the natural and probable result of the defendants' breach. These expenses were decidedly not the natural and probable result of any breach. Accordingly, Mr. Alswager's prospective damages are limited to the contract price.[1]

In their motion to dismiss, the defendants conclusively establish that they were paid a total of $1,040.00 for the blood testing performed for plaintiff. (Decl. Lantz ¶¶ 3-4, Exs. 1-2; Decl. Levinson ¶ 2, Ex. 1). This is the total amount of damages that plaintiff would be entitled to if a breach of

---

[1]While the court recognizes that deference to the Wisconsin Court of Appeals' decision is called for, it is abundantly clear to this court, based on an independent review of the record and the relevant case law, that Dr. Lantz's opinion would not have constituted competent opinion evidence, and, therefore, it would not have been admitted at the plaintiff's criminal trial. This is because Dr. Lantz merely would have opined that ingesting one tablet of Ambien *could* render Alswager incapable of knowing the difference between right and wrong. Yet, in Wisconsin, expert opinion evidence must be based upon a reasonable certainty. *Michalski v. Wagner*, 9 Wis.2d 22, 100 N.W.2d 354 (Wis. 1960). Thus, testifying to what *could* have occurred is not adequate under Wisconsin law. *See Michalski v. Wagner*, 9 Wis.2d at 27 ("[T]he form of the testimony given by the physician must be such as to express reasonable probability and not mere possibility."); *Gerber v. Wloszczynski*, 188 Wis. 344, 206 N.W. 206 (Wis. 1925) (holding that a doctor's testimony stating it was "quite possible" that a heart condition resulted from an infection caused by the accident was not opinion evidence based upon a reasonable certainty); *Hallun v. Omro*, 122 Wis. 337, 99 N.W. 1051, 1054 (Wis. 1904) ("'[P]robable,' 'likely,' and 'liable' have been treated as synonymous, each dealing with reasonable probability, *not with possibility* and that what may probably or is likely or liable to be the future result of a personal injury is competent evidence to prove what is reasonably certain in the matter.") (emphasis added). Accordingly, because Wisconsin law is clear that a medical opinion stating that an outcome is possible, rather than probable, does not rise to the level of reasonable medical certainty, Dr. Lantz's opinion would not have been admissible at Mr. Alswager's criminal trial. The Wisconsin Court of Appeals has already established as much.

Page 4 of 6

Case 2:09-cv-00052-JPS   Filed 09/09/11   Page 4 of 6   Document 214

contract occurred.[2] Because the court has ruled that plaintiff is only entitled to this amount of damages, and because the defendants have unequivocally tendered Mr. Alswager the damages he is due, the plaintiff "may not spurn this offer of all the damages he is owed and proceed to trial." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). Moreover, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991) (citations omitted).

At the court's hearing on the defendants' motion to dismiss, Mr. Alswager argued that the case is not moot because all of his demands have not been satisfied. In support of this argument, plaintiff cited to *Gates v. Towry*, 430 F.3d 429 (7th Cir. 2005). In *Gates*, the Seventh Circuit determined that a putative class action was not mooted by the defendant city's tendering to the two named plaintiffs the money that had been seized by the police when the plaintiffs were arrested. *Id.* The Seventh Circuit reached this conclusion because the city's tender did not include the complete relief sought by the plaintiffs. *Id.* The court explained that "[a] defendant cannot simply assume that its legal position is sound and have the case dismissed because it has tendered everything it admits is due." *Id.* at 432. In *Gates*, the district court had not resolved the question of what relief was appropriate. *Id.*

The case at hand can be distinguished from *Gates* because here, unlike the district court in *Gates*, the court has definitively ruled – in response to the

---

[2] The defendants note that to avoid any further disputes, they have conceded the issue of prejudgment interest. While typically prejudgment interest is calculated using the Prime Rate, *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431 (7th Cir.1989), to simplify matters, defendants calculated interest using the rate of 5%, erring in plaintiff's favor. Accordingly, the amount actually tendered to plaintiff by defendants was $1,227.20, representing a full refund of all money paid to defendants plus $187.20 in prejudgment interest.

parties' motions *in limine* and the plaintiff's offer of proof – that the maximum amount of damages plaintiff could obtain from the defendants by proceeding to trial is the contract price. This is the amount that defendants tendered to the plaintiff. Though plaintiff is correct that the defendants' tender did not include the entirety of the relief he believes he is due, the significant point is that the tender did include the entirety of the relief to which plaintiff is entitled under the law. Thus, Mr. Alswager has won, and because "you cannot persist in suing after you've won," *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999), the court concludes that a live controversy no longer exists. As such, Mr. Alswager's breach of contract claim is moot. The court's determination that the only remaining claim is moot dictates that Mr. Alswager's case must be dismissed for lack of subject matter jurisdiction. *Holstein*, 29 F.3d at 1147.

Accordingly,

IT IS ORDERED that defendants' motion to dismiss for mootness (Docket #207) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that plaintiff's claim for breach of contract be and the same is herewith DISMISSED as moot; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED on the merits, with prejudice.

The Clerk of Court is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2011

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge